J-S39033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM JOHN LOTT, | : | |
| | : | |
| Appellant | : | No. 148 EDA 2015 |

Appeal from the Judgment of Sentence entered on December 11, 2014
in the Court of Common Pleas of Delaware County,
Criminal Division, No. CP-23-CR-0005833-2014

BEFORE:  BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED JULY 07, 2015**

William John Lott ("Lott") appeals from the judgment of sentence imposed following his guilty plea to recklessly endangering another person and fleeing and eluding police.[1]  Additionally, Lott's counsel, Patrick J. Connors, Esquire ("Attorney Connors"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We grant Attorney Connors's Petition and affirm the judgment of sentence.

The trial court set forth the relevant factual and procedural history as follows:

> [Lott] entered a negotiated guilty plea to recklessly endangering another person and fleeing and eluding police on December 14, 2014[,] and on the same day he was sentenced to an aggregate [term] of six to twenty-three months of

---

[1] ***See*** 18 Pa.C.S.A. § 2705; 75 Pa.C.S.A. § 3733(a).

incarceration[,] to be followed by one year of probation. The sentence imposed was in accordance with the terms of the negotiated plea agreement. On January 7, 2015[, Lott] filed a timely Notice of Appeal.

The Affidavit of Probable Cause that sets forth the factual basis for [Lott's] plea states that on September 5, 2014[, Lott] drove through a steady red light at a speed that caused a crossing guard to jump from the roadway to the sidewalk. After witnessing the event[,] a patrol officer activated his overhead lights and siren[] and attempted to apprehend [Lott]. [Lott] fled. Eventually, he was intercepted by a second patrol officer[,] who successfully stopped [Lott] in his vehicle. At the time of the stop[, Lott] admitted that he fled because his license was suspended.

[Lott] was ordered to file a [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal on January 13, 2015. In response to this Order[,] Attorney Connors has stated his intent to file an **Anders** brief in the Superior Court.

Trial Court Opinion, 2/5/15, at 1-2 (citations omitted).

Lott's counsel, Attorney Connors, has filed a brief pursuant to **Anders** that raises the following issue on appeal: "Whether [] Lott entered a knowing, voluntary and intelligent guilty plea?" **Anders** Brief at 1. Attorney Connors also filed a Petition to Withdraw as counsel with this Court on April 24, 2015. Lott filed neither a *pro se* brief, nor retained alternate counsel for this appeal.

Before addressing Lott's issues on appeal, we must determine whether Attorney Connors has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012). Pursuant to **Anders**,

- 2 -

when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must do the following:

> (1) petition the court for leave to withdraw[,] stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the appellate court.

*Id*. Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must

> (1)    provide a summary of the procedural history and facts, with citations to the record;
>
> (2)    refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)    set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)    state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Here, we conclude that Attorney Connors has substantially complied with each of the requirements of **Anders**. **See Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of **Anders**). Attorney Connors indicates that he has made a conscientious examination of the record and

determined that an appeal would be frivolous. Further, Attorney Connors' **Anders** brief comports with the requirements set forth by the Supreme Court of Pennsylvania in **Santiago**. Also, the record contains a copy of the letter that Attorney Connors sent to Lott, advising him of his right to proceed *pro se* or retain alternate counsel and file additional claims, and stating Attorney Connors' intention to seek permission to withdraw. Thus, Attorney Connors has complied with the procedural requirements for withdrawing from representation. We next examine the record and make an independent determination of whether Lott's appeal is, in fact, wholly frivolous.

Lott contends that he did not knowingly enter the guilty plea because the oral guilty plea colloquy with the judge was not substantial. **Anders** Brief at 3-4.

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

**Commonwealth v. Bedell**, 954 A.2d 1209, 1212 (Pa. Super. 2008). In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

   1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id*.; *see also* Pa.R.Crim.P. 590, cmt. "Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999). "In determining whether a guilty plea was entered knowingly and voluntarily, … a court is free to consider the totality of the circumstances surrounding the plea." *Commonwealth v. Flanagan*, 854 A.2d 489, 513 (Pa. 2004). Moreover, the oral colloquy may be supplemented by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings. *Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa. Super. 2005).

Here, the trial court orally conducted a plea colloquy and prior to Lott's entry of his guilty plea, Lott completed a written guilty plea colloquy. Based on our independent review of the written and oral guilty plea colloquies, we conclude that Lott's claim is frivolous. Lott indicated that at the time of his plea, he understood the English language, that he was not under the

influence of alcohol or drugs, and that he did not suffer from any mental illnesses. *See* N.T., 12/11/14, at 6-8; Written Plea Colloquy, 12/11/14, at 2 (unnumbered). Lott confirmed that he knew and understood the nature of the charges, the factual basis for the plea, the permissible range of sentences and fines, and that the judge was not bound by the terms of the plea agreement. *See* N.T., 12/11/14, at 5-8; Written Plea Colloquy, 12/11/14, at 1-4 (unnumbered). Lott also acknowledged that by pleading guilty, he understood that he was foregoing certain rights, including, *inter alia*, the presumption of innocence, the right to file pre-trial motions and the right to a jury trial. Written Plea Colloquy, 12/11/14, at 2-3 (unnumbered). Based upon the foregoing, we conclude that Lott's guilty plea was knowingly, voluntarily and intelligently given. *See Commonwealth v. Kelly*, 5 A.3d 370, 382 n.11 (Pa. Super. 2010) (stating that "[a] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.") (citation omitted).

Further, our independent review discloses no other non-frivolous issues that Lott could raise on appeal. Accordingly, we grant Attorney Connors' Petition to Withdraw, and affirm Lott's judgment of sentence.

Petition to Withdraw granted; judgment of sentence affirmed.

J-S39033-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2015